**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Criminal Case No. 02-371 (RJL) |
| | ) |
| GREGORY JACKSON, | ) |
| | ) |
| Defendant. | ) |

**FILED**

MAY 0 5 2009

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

**MEMORANDUM ORDER**
(May 4, 2009) [#95]

On July 22, 2008, defendant Gregory Jackson moved to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. ([Dkt. #88].) Defendant sought an order vacating his conviction on account of ineffective assistance of counsel or, alternatively, relief on account of an alleged discrepancy between this Court's oral pronouncement at the sentencing hearing and the Judgment. On February 9, 2009, this Court denied defendant's motion, finding that defendant's ineffective assistance of counsel claim failed for lack of prejudice and defendant's sentence discrepancy claim was without merit. (Mem. Op. & Order, Feb. 9, 2009 [Dkt. #92].) Presently before the Court is defendant's Motion for a Certificate of Appealability ("COA").

A COA may issue only if the applicant "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The applicant must show "that reasonable jurists could debate whether (or, for that matter, agree that)

1

the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (citing and quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 (1983)).  Because reasonable jurists could not find it debatable that defendant Jackson's ineffective assistance of counsel claim fails for lack of prejudice, it is hereby

ORDERED that defendant's motion for a certificate of appealability is DENIED.

RICHARD J. LEON
United States District Judge